**RFF FAMILY PARTNERSHIP, LP, Plaintiff,**

v.

**LINK DEVELOPMENT, LLC and Steven A. Ross, individually and in his capacity as Trustee of BD Lending Trust, Defendants.**

**Civil Action No. 14–10065–NMG.**

United States District Court, D. Massachusetts.

Signed Dec. 23, 2014.

Richard E. Briansky, Amy B. Hackett, McCarter & English, LLP Boston, MA, for Plaintiff.

Robert F. Daut, Needham, MA, Arnold E. Cohen, Law Offices of Arnold E. Cohen, Sharon, MA, James V. Marano, Jr., Kushner & Marano, P.C., Newton, MA, for Defendants.

## ORDER

GORTON, District Judge.

Plaintiff RFF Family Partnership, LP ("RFF") has filed an emergency motion to quash two trial subpoenas issued by defendant Steven Ross, individually and in his capacity as trustee for BD Lending Trust

("BD Lending"), to require testimony at trial by RFF's trial counsel (Attorneys Briansky and Hackett).

Because BD's opposition notes that it no longer seeks to require the testimony of Attorney Hackett, the subpoena issued for Attorney Hackett is quashed.

The Court will also quash the subpoena issued for Attorney Briansky. District courts have broad discretion in ruling on motions to quash subpoenas served upon opposing counsel, particularly when the subpoena seeks testimony at trial. *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir.2003). Moreover, soliciting trial testimony from opposing counsel is strongly disfavored. *See id.*

Here, the subpoena was served on RFF's trial counsel by BD Lending on the eve of trial. Previously, BD Lending has taken no discovery nor has it sought to depose Attorney Briansky. The subject subpoena appears intended to harass RFF by forcing its counsel to withdraw to its prejudice despite BD Lending's assertion to the contrary. *See id.; see also* Mass. R. Prof. C. 3.7(a). Furthermore, the testimony purportedly sought from Attorney Briansky is available through other viable means, including the direct testimony of BD Lending's former attorney, James Marano, who BD Lending has already indicated will be one of its witnesses.

Accordingly, RFF's motion to quash (Docket No. 86) is **ALLOWED**.

So ordered.